**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Rosanne Edwards Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-2771-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| Walter Bilbro, Jr., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On September 26, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against Walter Bilbro, Jr. for unfair debt collection practices and mental harassment. The plaintiff does not allege the citizenship of any of the parties. The plaintiff claims that while she was in high school, the defendant, a South Carolina attorney, represented the plaintiff's mother and threatened to take their furniture if her mother did not pay for legal services rendered.

On September 29, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On October 20, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation. Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692, the plaintiff must plead and prove that: (1) the defendant was a "debt collector"; (2) the defendant's conduct in attempting to collect a debt was a form of conduct prohibited by the act; and (3) the debt was a consumer debt. The plaintiff must commence the action within one year of the occurrence of the conduct violating the act. The

plaintiff claims that these events happened when she was in high school. The plaintiff was born in 1968. In a separate action, the plaintiff claims that she lived in Texas in 1993– after her high school studies ended. Therefore, even if the plaintiff adequately pled the three 15 U.S.C. §1692 elements, more than one year has passed since the occurrence of the conduct violating the act. Therefore, any cause of action, that the plaintiff may have had for violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692, has expired.

In order to state a cause of action under 42 U.S.C. §1983, the plaintiff must allege that: (1) the defendant deprived her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). The plaintiff does not allege that the defendant acted in a joint action with the State or an agent of the State. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. §1983. Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Hence, the plaintiff has no cause of action under 42 U.S.C. §1983.

Negligence, legal malpractice, and the tort of outrage are causes of action under South Carolina law. See Epstein v. Brown, 610 S.E.2d 304 (2005). Such an action would be cognizable in this court if there were complete diversity between the parties. This Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of citizenship. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger, 437 U.S. 365, 372-74 (1978). Therefore, this court is without subject matter jurisdiction.

Accordingly, the Court adopts Magistrate Judge Kosko's report and recommendation and dismisses this action without prejudice and without service of process for lack of subject matter jurisdiction.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 31, 2005